IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

**UNITED STATES OF AMERICA**

v.

**SYLVESTER BOOKER,**

Petitioner.

Criminal No.   3:16CR23
Civil Action No.   _____

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered on March 10, 2022, the Court denied a Motion to Vacate under 28 U.S.C. § 2255 filed by Sylvester Booker. (ECF Nos. 146, 147.) By Memorandum Opinion and Order entered on August 22, 2023, the Court denied Booker's Rule 60(b) Motion as an unauthorized, successive 28 U.S.C. § 2255 motion. The matter is now before the Court on Booker's Motion Requesting Leave to Expand the Claims Raised in Rule 60(b) Motion ("Rule 60(b) Motion to Expand Claims," ECF No. 149).

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held "that district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application

or the bar against litigation of claims not presented in a prior application.'" *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003) (quoting *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)).

Additionally, the Fourth Circuit has provided the following guidance in distinguishing a proper Rule 60(b) motion from an improper successive § 2255 motion:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

*Id.* at 207 (internal citation omitted).

Booker does not raise procedural defects in this Court's § 2255 review process in his Rule 60(b) Motion to Expand Claims. Rather, he continues to challenge his underlying sentence. Booker's Rule 60(b) Motion to Expand Claims must, therefore, be treated as a successive § 2255 motion. *See id.* The Clerk will be DIRECTED to assign a civil action number to the Rule 60(b) Motion to Expand Claims. Because the Fourth Circuit did not grant Booker permission to file a successive § 2255 motion, the Rule 60(b) Motion to Expand Claims, (ECF No. 149), will be DISMISSED for want of jurisdiction. A certificate of appealablity will be DENIED.

An appropriate order shall issue.

/s/
John A. Gibney, Jr.
Senior United States District Judge

Date: 27 September 2023
Richmond, Virginia